SPARKMAN v. SPARKMAN.    (No. 424.)

(Court of Civil Appeals of Texas.    Beaumont.
Feb. 6, 1919.)

DIVORCE ⬦⟿77 — SERVICE AFTER RETURN
DAY.

In view of Vernon's Sayles' Ann. Civ. St.
1914, art. 1868, in husband's suit for divorce,
default judgment granting him divorce was er-
roneous, where notice to serve wife as nonresi-
dent was issued November 24th, returnable the
27th, but was not delivered to her until De-
cember 5th.

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Jasper County; W. R. Blackshear, Judge.

Suit for divorce by L. Sparkman against Lizzie Sparkman. To review decree granting divorce, defendant brings error. Decree reversed, and cause remanded.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error.

Howth & Vaughn, of Beaumont, for defendant in error.

WALKER, J. This is an appeal by appellant from a decree granting a divorce to the appellee. Notice to serve the appellant as a nonresident was issued by the clerk of the district court of Jasper county on the 24th day of November, 1916, returnable on the 27th day of November, 1916. This notice was delivered to the appellant in Ouachita county, Ark., on the 5th day of December, 1916. Appellant did not answer in the case. At the succeeding term of the district court of Jasper county, beginning on the 28th day of May, 1917, and ending on the 30th day of June, 1917, this cause came on for rehearing, and the appellee was granted a divorce.

Appellant assigns as error the action of the court in rendering judgment on this service. This assignment must be sustained. Cobb v. Brown, 3 Wilson, Civ. Cas. Ct. App. § 314; Harrington v. Harrington, 4 Willson, Civ. Cas. Ct. App. § 80, 16 S. W. 538; Vernon's Sayles' Tex. Civ. St. 1914, art. 1868, as follows:

"If the citation be issued too late, or if it cannot be served at least ten days before the first day of such return term, exclusive of the days of service and return, the officer to whom it is delivered shall nevertheless proceed to serve the same at any time before the return day thereof; and such service shall compel the defendant to plead at the next succeeding term of the court."

In Harrington v. Harrington, supra, Judge Willson said:

"Judgment by default was rendered in favor of defendant in error, against plaintiff in error, in the county court, upon a promissory note for $307.15 and interest thereon and costs. Said judgment is erroneous because the defendant in the suit was not cited to appear and answer in the suit in the manner provided by law. A citation was issued March 29, 1888, * * * and this citation was served upon the defendant June 25, 1888, and the judgment by default was rendered July 6, 1888. Service of a citation after the return day thereof is a nullity, and will not authorize a judgment by default. Rev. St. art. 1228; 3 Civil, Cas. Ct. App. § 314. The judgment is reversed, and cause remanded."

For the error indicated, this cause is reversed and remanded.